**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 21 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50602 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00229-R-1 |
| v. | |
| MICHAEL DANELLE CLARKSON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted October 7, 2014[**]
Pasadena, California

Before: TALLMAN, BEA, and FRIEDLAND, Circuit Judges.

Michael Clarkson appeals the district court's decision denying his motion to

suppress evidence that officers found while conducting a probation search of

Clarkson's home. Clarkson argues that the officers needed reasonable suspicion to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

search his home, and that the officers did not have reasonable suspicion before entering his home. We need not decide what level of suspicion was required, or whether the officers had the requisite level of suspicion. At the time of the search, our precedent authorized suspicionless searches of probationer's homes. *See Sanchez v. Canales*, 574 F.3d 1169, 1174 & n.3 (9th Cir. 2009), *overruled by United States v. King*, 687 F.3d 1189 (9th Cir. 2012) (en banc). The discovered evidence is therefore not subject to the exclusionary rule even if the search was unlawful. *See Davis v. United States*, 131 S. Ct. 2419, 2423–24 (2011) ("[S]earches conducted in objectively reasonable reliance on binding appellate precedent are not subject to the exclusionary rule.").

Clarkson also argues that the officers did not have probable cause that the searched residence was Clarkson's home and that officers obtained incriminating statements from Clarkson in violation of his *Miranda* rights. Clarkson waived these arguments because he neither raised them below nor preserved the right to make them on appeal in his plea agreement. *See United States v. Hawkins,* 249 F.3d 867, 872 (9th Cir. 2001) ("The failure to raise a particular ground in support of a motion to suppress constitutes a waiver of that challenge."); *United States v. Bynum*, 362 F.3d 574, 583 (9th Cir. 2004) (holding that when a defendant reserves

the right to appeal only the order on a motion to suppress, he "waive[s] his right to appeal all grounds not addressed in that order").

**AFFIRMED.**